UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE MIRANDA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COACH, INC., et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-02031-JD<br><br>**ORDER RE DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 22 |

Named plaintiffs, on behalf of themselves and a putative class of former employees of defendants Coach, Inc. and Coach Services, Inc. ("Coach"), allege that Coach violated California wage and overtime laws and committed unfair business practices. The gist of the complaint is that Coach required plaintiffs to submit to a bag check when leaving the store that deprived them of time for breaks and meals, and kept them late without pay at the end of their shifts. Coach moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and to strike the class allegations under Rule 12(f). The Court grants the motion to dismiss for the overtime claims and injunctive relief, and denies it in all other respects. The motion to strike is also denied.

**BACKGROUND**

This case arises out of alleged labor code violations that plaintiffs attribute to Coach's bag check policy. As alleged in the complaint, Coach searches employees' bags whenever they leave the store for meals, breaks or at the end of their shifts. Consolidated Class Action Complaint ("CCAC") ¶¶ 20-30. The employees were prohibited from leaving the store until their bags, purses, jackets and other personal items were inspected by a supervisor. *Id.* Plaintiffs allege that they often had to wait between 5 and 30 minutes for a supervisor to conduct the inspection. *Id.* This wait time cut into meal and rest breaks. *Id.* ¶¶ 29, 30. Plaintiffs also had to clock out for

1  meal periods and at the end of shifts, and then wait for supervisors to conduct the inspection. *Id.*
2  ¶¶ 20, 24, 30, 46. This resulted in unpaid wages and overtime for time spent "off-the-clock"
3  waiting for supervisors. *Id.*

4  On behalf of themselves and a putative class of sales associate who are or have been
5  employed by Coach in California, named plaintiffs allege seven California state law causes of
6  action: (1) failure to pay wages and overtime under California Labor Code §§ 510, 1194, 1199; (2)
7  failure to provide proper meal periods under § 226.7; (3) failure to allow proper rest periods under
8  § 226.7; (4) failure to provide proper itemized wage statements under § 226(a); (5) waiting time
9  penalties under § 203; (6) unfair competition pursuant to California Business & Professions Code
10 § 17200; and (7) penalties pursuant to California Labor Code § 2699. The CCAC does not allege
11 any federal wage and hour or employment claims.

**DISCUSSION**

**I. MOTION TO DISMISS**

**A. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677). In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The Court is not required, however, to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049,

1055 (9th Cir. 2008). If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

**B. Regular Wages and Overtime Claims**

Coach contends that plaintiffs have pleaded purely conclusory allegations about wage and overtime violations. Plaintiffs allege that defendants failed to pay wages at the regular rate and for overtime in violation of California Labor Code §§ 510, 1194 and 1199. The CCAC states in pertinent part that "Plaintiffs and others were forced to work on a regular and consistent basis without receiving compensation for all hours worked at their regular rate or if more than eight (8) hours a day and/or forty (40) hours per week, at the applicable overtime rate. Defendants had a consistent policy of failing to pay Plaintiffs and members of the Proposed Class regular rate and/or premium pay for these hours worked." CCAC at ¶ 45.

The problem with these allegations is that they merely parrot the statute without stating facts sufficient to make out a plausible claim. Nowhere does the CCAC specify which, if any, named plaintiff actually failed to receive full regular wages. And the overtime allegation uses the conditional "if" rather than stating concrete facts showing that named plaintiffs actually worked overtime hours without proper pay.

These paper-thin allegations are insufficient to state a claim. *See Villegas v. J.P. Morgan Chase & Co.*, No. C 09-00261 SBA, 2009 WL 605833, at *4-5 (N.D. Cal. Mar. 9, 2009) (dismissing complaint in part because the plaintiff failed to allege concrete wage and hour facts). They are dismissed with leave to amend within 14 days of entry of this order.

**C. Meal-Break and Rest-Period Claims**

California Labor Code §§ 226.7 and 512 and Wage Order No. 7–2001 "require an employer to provide an employee with a thirty-minute meal period if the employee works at least five hours and a ten-minute break for every four hours the employee works." *Angeles v. U.S. Airways*, No. 12–cv–05860–CRB, 2013 WL 622032, at *8 (N.D. Cal. Feb. 19, 2013). The obligation to provide a meal period is generally satisfied if the employer "relieves its employees of

3

1  all duty, relinquishes control over their activities and permits them a reasonable opportunity to
2  take an uninterrupted 30-minute break, and does not impede or discourage them from doing so."
3  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012).  Coach contends that
4  plaintiffs' allegations are again conclusory and that they have not alleged facts showing they were
5  denied a timely and compliant meal or rest break.  Dkt. No. 22 at 7-9.

6  The Court disagrees.  Plaintiffs allege that they "were required to undergo a 'bag check'
7  each time he/she left Defendants' store."  CCAC ¶ 20.  The "uniform, company policy" requires
8  that all employees "have their . . . items checked by a supervisor prior to leaving the store for all
9  breaks," including "meal breaks" and "rest breaks."  *Id.* ¶¶ 20, 22.  "Plaintiffs and the Proposed
10 Class often waited between 5-30 minutes in order to have their items checked."  *Id.* ¶ 23.
11 "Because of the delayed bag checks, Plaintiffs often missed their break entirely, had their breaks
12 cut short, or took their breaks late."  *Id.* ¶ 21.  "After clocking out, but before taking their meal
13 period, employees were required to remain in the store and wait for a supervisor until the
14 supervisor could check their items."  *Id.* ¶ 30.  "This would often result in the employee taking a
15 delayed meal time, having portions of their 30 minute meal time sacrificed by having to wait
16 around for supervisors, or missing their meal/break periods entirely."  *Id.*  These factual
17 allegations are enough to show that Coach failed to provide plaintiffs with compliant meal and rest
18 periods.  They also distinguish this case from those cited by Coach, which involved complaints
19 that were substantially less factual than the CCAC here.  *See, e.g. Bellinghausen v. Tractor Supply*
20 *Co.*, No. C-13-02377 JSC, 2013 WL 5090869, at *1 (N.D. Cal. Sept. 13, 2013) (granting motion
21 to dismiss where the plaintiff merely alleged that defendant violated the law and failed to identify
22 even the most basic information concerning plaintiff's employment, such as the nature of
23 plaintiff's job with defendant).

24 Coach makes the additional contention that plaintiffs failed to plead facts showing that
25 Coach impeded, discouraged or prohibited plaintiffs from taking a proper meal break, as required
26 by *Brinker*.  Dkt. No. 22 at 8.  Not so.  Plaintiffs have alleged that Coach's uniform company-wide
27 loss prevention policy impeded plaintiffs' ability to take 30-minute meal breaks -- plaintiffs often
28 waited between 5-30 minutes in order to have their items checked before being permitted to leave

4

the store for the meal break. CCAC ¶ 23. This resulted in delayed breaks, shortened breaks, or entirely missed breaks.[1] *Id.* ¶ 21.

### D. Wage Statements, Waiting Time Penalties, Unfair Competition and PAGA Penalties

Plaintiffs' fourth, fifth, sixth and seventh causes of action are for failure to provide accurate itemized wage statements under California Labor Code § 226(a), waiting time penalties under § 203, unfair competition under California Business & Professions Code § 17200, and penalties under California Labor Code § 2699. The parties agree that these four claims are derivative of the wage/overtime, meal period and rest break claims. Dkt. No. 22 at 9-11; Dkt. No. 25 at 11-12. As a result, Coach's only argument in asking the Court to dismiss the derivative causes of action is that plaintiffs have failed to adequately plead the underlying claims. Dkt. No. 22 at 10-11. To the extent these claims rely on the regular wage and overtime pay claims that the Court has dismissed, they are also dismissed with leave to amend.

## II. INJUNCTIVE RELIEF

Plaintiffs seek injunctive relief under California Business & Professions Code § 17200. CCAC at 18. Specifically, they request an order enjoining defendants from providing improper wages and overtime, meal and rest periods, accurate itemized wage statements and wages upon termination. *Id.* Defendants argue that this request should be excised from the case because the named plaintiffs, as former employees, lack standing to recover such relief. Dkt. No. 22 at 15.

The "injury-in-fact" prong of Article III standing requires a threatened future injury to be real and immediate. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "Several district courts, including this one, have concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees." *Ramirez v. Manpower, Inc.*, No. 5:13-CV-2880-EJD, 2014 WL 116531, at *7 (N.D. Cal. Jan. 10, 2014) (finding former employee did not face any threat of real and immediate future

---

[1] Defendants' reliance on *Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *5 (N.D. Cal. Apr. 18, 2013) is unpersuasive. In *Brown*, plaintiffs alleged that the defendant "pressured, incentivized, and discouraged" employees from taking meal breaks, but did "not provide any facts surrounding these alleged tactics." Plaintiffs in this case provide sufficient facts.

1  harm where she did not allege in the complaint that she intended to return to work for defendant in
2  the future).
3      The named plaintiffs here are former employees long gone from working at Coach and
4  with no alleged prospect of ever returning to employment there.  Consequently, they have not
5  shown any likelihood whatsoever of future injury, let alone a real and immediate threat.
6  Accordingly, plaintiffs' claim for injunctive relief is dismissed.  The Court is skeptical that this
7  deficiency can be cured with further allegations, but grants plaintiffs leave to amend within 14
8  days of entry of this order.

## III. CLASS ALLEGATIONS

Coach asks the Court to strike plaintiffs' class allegations under Fed. R. Civ. P. 12(f) on the ground that the claims are not suitable for class treatment because they would necessarily require many highly individualized inquiries. Dkt. No. 22 at 11.  This might be true, or it might not. But as many cases have concluded, it is far too premature to resolve the question at this early stage. "[M]any courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery." *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013). *See also, In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007) ("the granting of motions to dismiss class allegations before discovery has commenced is rare"); *Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (defendants' motion to strike class allegations was premature because no motion for class certification had been filed).

## CONCLUSION

The motion to strike is denied in its entirety. The motion to dismiss is granted in part and denied in part. If plaintiffs choose to file an amended complaint, they must do so within 14 days

//
//
//
//

of entry of this order.

**IT IS SO ORDERED**.

Dated: February 13, 2015

_____
JAMES DONATO
United States District Judge