UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE MIRANDA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COACH, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-02031-JD<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Named plaintiffs, on behalf of themselves and a putative class of former employees of defendants Coach, Inc. and Coach Services, Inc. ("Coach"), allege that Coach violated California wage and overtime laws and committed unfair business practices. Coach previously moved to dismiss plaintiffs' Consolidated Class Action Complaint ("CCAC") under Federal Rule of Civil Procedure 12(b)(6). The Court dismissed plaintiffs' overtime claims and request for injunctive relief with leave to amend, and denied the motion to dismiss plaintiffs' meal-break and rest-period claims. Dkt. No. 31. Plaintiffs filed a First Amended Consolidated Class Action Complaint ("FACCAC"), which realleged the overtime claims but not the injunctive relief claim. Defendants again move to dismiss the complaint in its entirety. The Court finds that the amended complaint now alleges sufficient facts to survive defendants' challenge and denies the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument. Accordingly, the April 22, 2015 hearing date is vacated.

**DISCUSSION**

As stated in the prior dismissal order, the gist of the complaint is that Coach required plaintiffs to submit to a bag check when leaving the store, which cut into time for breaks and

meals, and kept them late without pay at the end of their shifts. The Court assumes familiarity with the previous order, and does not recite the applicable facts or law. Dkt. No. 31.

As an initial matter, Coach's argument that the plaintiffs have improperly changed the main allegations is not well taken. The plaintiffs were given leave to amend, and did just that. They have made no changes that substantively alter their allegations, or that would require the Court to reverse its previous order denying Coach's motion to dismiss the meal and rest break claims. Those claims remain.

The Court also finds that the plaintiffs have alleged sufficient facts to state a claim for wage and overtime violations of California Labor Code §§ 510, 1194 and 1199. The Court previously dismissed these claims because the original allegations merely parroted the statute without stating concrete facts showing that the named plaintiffs actually worked overtime hours without proper pay or failed to receive full regular wages. Dkt. No. 31. The FACCAC, however, cures these deficiencies. The complaint states in pertinent part:

> Plaintiffs and the Proposed class were not compensated for all hours that they worked. Pursuant to Defendants' uniform loss prevention/security policy, Plaintiffs and all "Sales Associates" were required to undergo a "bag check" each time they left Defendants' store premises. This was required when leaving for meal breaks, rest breaks and when each shift was over. Under Defendants' policy, a "bag check" must be conducted by a manager. Therefore, Plaintiffs and all "Sales Associates" were required to, first, clock out for the meal period, rest breaks and at the end of a shift, then locate a manager, request that the manager conduct a "bag check," undergo the "bag check," and then be escorted out of the store by the manager. Employees would have to wait in the store anywhere between 5 to 30 minutes while off the clock.
>
> Both Plaintiff Ayala and Plaintiff Miranda and the other "Sales Associates" were not paid their regular wages because of Defendants' policy requiring employees to clock out before having their bags, purses, jackets and other items checked. As a direct result of this policy, Plaintiffs and the other "Sales Associates" worked "off the clock" time for which they were not compensated at any rate of pay (not even the minimum wage).
>
> …When Plaintiffs and other "Sales Associates" worked over eight (8) hours in one day or forty (40) hours in one week, this bag check policy would result in unpaid overtime, because the time spent "off the clock" for the bag check should have been paid at the overtime rate. For example, Plaintiff Miranda was entitled to additional overtime for the week of December 15, 2013 through December 22, 2013 (Exhibit "A"), and Plaintiff Ayala was entitled to overtime for

1  the week of January 6, 2013 through January 12, 2013 [(Exhibit "B")].

2  FCACC ¶¶ 46-48.

This is enough for the challenged claims to go forward. The FACCAC describes the bag check policy and alleges that, as a result of the policy, employees, including Miranda and Ayala, actually failed to receive full wages and proper overtime pay, even going so far as to name specific weeks that the two named plaintiffs did not receive overtime pay that they were entitled to. Because plaintiffs have adequately alleged the underlying wage/overtime, meal period and rest break claims, defendants' motion to dismiss the derivative claims -- plaintiffs' fourth, fifth, sixth and seventh causes of action -- is also denied.

To the extent Coach asks that the claims be dismissed because time spent awaiting bag checks is de minimis, that request is also denied. Coach cites to *Lindlow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984), for the proposition that daily periods of approximately 10 minutes are de minimis. At the motion to dismiss stage, the Court assumes that the plaintiffs' allegations are true and draws all reasonable inferences in their favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). After doing that, defendants' argument that time awaiting bag checks was de minimis fails because plaintiffs allege that they waited for bag checks for up to 30 minutes a day, which clearly is significant.

Defendants also argue that the time spent waiting for bag checks is non-compensable under the Supreme Court's recent opinion in *Integrity Staffing Solutions*, which held that time spent by employees waiting for and undergoing security screenings before leaving the workplace is not compensable under the FLSA. *Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513 (2014). Plaintiffs here bring California state law claims, not FLSA claims. *Integrity Staffing Solutions* was "premised on an interpretation of the Portal-to-Portal Act of 1947 and how it exempts employers from liability for certain categories of work-related activities. In contrast, California law's definition for 'hours worked' is defined differently and California law does not include an exemption similar to the Portal-to-Portal Act." *Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-CV-01868-AWI-SA, 2015 WL 222500, at *4 (E.D. Cal. Jan. 14, 2015), report and recommendation adopted, No. 1:12-CV-01868-AWI, 2015 WL 925598 (E.D. Cal. Mar. 3, 2015)

3

(citing *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 590–91 (2000)).  Defendants cite to no applicable case law applying *Integrity Staffing Solutions* to California state law claims.  Accordingly, plaintiffs' claims under the California Labor Code are viable and will go forward.

**IT IS SO ORDERED.**

Dated: April 17, 2015

_____
JAMES DONATO
United States District Judge

4