UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOU AYALA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COACH, INC., et al.,<br><br>Defendants. | Case No. 14-cv-02031-JD<br><br>**ORDER RE MOTIONS FOR FINAL SETTLEMENT APPROVAL AND ATTORNEYS' FEES, COSTS AND ENHANCEMENT AWARD**<br><br>Re: Dkt. Nos. 85, 86 |

This order resolves plaintiff Mary Lou Ayala's unopposed motions for final approval of class action settlement, attorneys' fees and costs, and class representative "enhancement" award. Dkt. Nos. 85, 86. The Court granted preliminary approval of the proposed settlement on October 17, 2016. Dkt. No. 84. At oral argument, the Court granted the motion for final approval of class action settlement. Dkt. No. 89-1. The Court now grants in part the motion for attorneys' fees, costs, and an enhancement award.

**BACKGROUND**

The material facts are discussed in the Court's preliminary approval order. Dkt. No. 84. In summary, this lawsuit arose from two separate actions against defendants Coach, Inc. and Coach Services, Inc. ("Coach"): *Miranda v. Coach, Inc.*, filed on March 20, 2014, and *Ayala v. Coach, Inc.*, filed on April 18, 2014. The Court consolidated the cases and dismissed plaintiff Eve Miranda after the parties settled her claims, leaving Ayala as the only named plaintiff. Dkt. Nos. 18, 56. Ayala alleges under California state law that her former employer, Coach, owes wages and statutory penalties because it conducted off-the-clock security checks, and she also claims that Coach did not properly calculate overtime pay. Dkt. No. 86 at 1-2. Ayala sues on behalf of a class of Coach's California sales associates during the class period of March 20, 2010, through May 3, 2016. *Id.* at 2.

After two motions to dismiss and Coach moved for summary judgment, the parties went to mediation and reached a settlement. Dkt. No. 86-1 (Kingsley Decl.) ¶¶ 5, 11-12. The Court denied preliminary approval over concerns about the parties' failure to adequately state the full potential recovery value if the case were tried successfully, the absence of a second round of disbursement of unclaimed funds to class members, and generally insufficient notice and follow-up measures. Dkt. No. 79. The parties revised the terms and signed an Addendum to the Settlement Agreement. Dkt. No. 82. The Court granted preliminary approval for the revised agreement. Dkt. No. 84.

Under the Settlement Agreement, Coach will pay $1.75 million into a non-reversionary settlement fund to cover disbursements to class members, notice and administration costs, attorneys' fees and costs, a Private Attorney General Act ("PAGA") payment to the State of California, and an enhancement award to the named plaintiff. Dkt. No. 86-2 (Settlement Agreement) ¶¶ 8, 28-31. Class members will receive distributions based on the total number of workweeks worked by each class member during the class period. *Id.* ¶ 27. The average payout will be approximately $260.82 per claimant. *See* Dkt. No. 85-1 (Kingsley Decl.) ¶ 31. In exchange for this consideration, the class members agree to release Coach from:

> any and all claims (i) asserted in the Action, including in the First Amended Consolidated Class Action Complaint filed on February 25, 2015, or (ii) arising from, or derivative of, the claims or factual allegations asserted in the Action regarding security checks or the calculation of overtime pay ("Released Claims"). The Released Claims include, but are not limited to, any claims, rights, demands, liabilities, and causes of action of any kind or nature in law or in equity, under any theory, whether contract, common law, constitutional, statutory or otherwise, of any jurisdiction, foreign or domestic, whether known or unknown, anticipated or unanticipated, for failure to pay wages for all hours worked, failure to pay overtime wages, failure to timely pay wages, failure to provide accurate wage statements, failure to provide meal or rest breaks, failure to keep proper payroll records, violations of the California Labor Code and Business and Professions Code Section 17200 that flow from the claims above, and for damages, restitution, penalties, interest, costs, attorneys' fees, expenses, equitable relief, injunctive relief and any other relief.

Dkt. No. 86-3 (Addendum) ¶ 25. The release applies only to class members who cash their settlement checks. *Id.*

Ayala reports that notice has been provided consistent with the proposed settlement agreement and with the requirements of Rule 23(e)(1). Notice was mailed to 4,598 class members, out of which 504 were initially returned as undeliverable. Dkt. No. 86-7 (Schwartz Decl.) ¶¶ 11, 13. The settlement administrator was able to find updated addresses for 400 class members, of which 41 were ultimately returned. *Id.* ¶ 13. In total, approximately 3% of the total mailed notices were undeliverable. Dkt. No. 86 at 6. Email notice was also sent to 1,957 class members, of which the settlement administrator received bounce-back emails for three members, representing less than 1% of email notices. Dkt. No. 86-7 ¶ 12.

## DISCUSSION

### I. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

In the order granting preliminary approval, the Court found that the proposed settlement class satisfied the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). Dkt. No. 84 at 6-7. The Court also found that the proposed agreement was "fair, reasonable, and adequate" in light of the risks faced by plaintiff in further litigation. *Id.* at 3-4. This case has been vigorously defended by Coach, and there was significant risk related to the claims for unpaid wages and labor violations. *See* Dkt. No. 86 at 7-11. The full value of all the claims was estimated to be just under $22 million. Dkt. No. 86-1 ¶ 53. But after taking risk into account for each potential claim independently (regular rate claim, security check claims for unpaid wages, meal period and security check violations, and derivative claims), the discounted value of the claims totaled $1,784,016.53. *Id.* Given these estimates, the Court found that plaintiff had made a reasonable choice in settling for the proposed settlement amount of $1,750,000.00. Dkt. No. 84 at 5.

These conclusions hold here at the final approval stage. The proposed settlement provides meaningful monetary relief to the settlement class. Each class member will receive an average of slightly more than $260. No objections were received, and no member has asked to opt-out from the class. Dkt. No. 86-7 ¶¶ 15-16. Class counsel says it received telephone calls from class members supporting the settlement. Dkt. No. 86-1 ¶ 62. Lack of objection from the class members is a substantial factor in favor of final approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("the absence of a large number of

3

objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *see also Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575-76 n.7 (9th Cir. 2004) (listing "the reaction of the class members to the proposed settlement" among the "non-exclusive" settlement evaluation factors courts are to consider before granting approval). In addition to the lack of objections during the notice period, no objections were raised at the hearing on the present motions.

Consequently, the Court grants final approval of the proposed settlement.

## II. FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS

The Court finds that the requested attorneys' fee award, which is 25% of the settlement fund and a multiplier of approximately 1.15 of the class counsel's reported lodestar, is reasonable under both the percentage-of-the-fund method and a lodestar cross-check. Notice of the requested award of attorneys' fees and reimbursement of costs and expenses was directed to class members in a reasonable manner and complied with Federal Rule of Civil Procedure 23(h)(1). Class counsel filed their motion for attorneys' fees and costs on February 9, 2017. Dkt. No. 85. Class members and any party from whom payment is sought have been given the opportunity to object pursuant to Federal Rule of Civil Procedure 23(h)(2), and no class member has objected to the requested fees or expenses. Class counsel has engaged in this litigation for approximately three years and expended more than 800 hours on the case, involving substantial discovery, depositions, discovery disputes and oppositions to motions to dismiss. Dkt. No. 85-1 (Kingsley Decl.) ¶¶ 26, 28; Dkt. No. 85-6 (Christofferson Decl.) ¶¶ 26-27.

Class counsel's fee request is justified by the percentage-of-the-fund method of evaluating attorneys' fee requests. Class counsel's fees should be paid from the common fund because all class members should contribute their fair share of the costs of the litigation from which they benefitted. The requested $437,500.00 fee award represents 25% of the $1.75 million gross settlement fund. While that is not an insubstantial cut, it is within acceptable Ninth Circuit parameters for common fund fee awards, and is warranted by the events in this case. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

The fee request is also supported by a lodestar cross-check. Class counsel's reported lodestar is $380,246.00. Dkt. No. 85 at 10; Dkt. No. 85-1 ¶ 26; Dkt. No. 85-6 ¶ 26. The Court has reviewed the supporting declarations of class counsel and finds that the hours and rates used to calculate class counsel's lodestar are reasonable. The requested fee award represents a multiplier of 1.15 of the class counsel's lodestar, which is within the range of reasonable multipliers approved by courts when considering counsel's risk of non-payment in common fund cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).

Class counsel also seeks $50,175.24 in costs. Dkt. No. 85 at 10-11; Dkt. No. 85-1 ¶ 31, Exh. D; Dkt. No. 85-6 ¶ 31, Exh. A. While the request is unopposed, the Court has reviewed the supporting declarations of class counsel and finds that some expenses are for personal meals rather than expenses reasonably necessary to the prosecution of this litigation. Consequently, the Court reduces the costs awarded to $49,936.44.

## III. SERVICE AWARD

Plaintiff Ayala has requested a service award of $7,500.00. Dkt. No. 85 at 11-13. The Court, following the Ninth Circuit, has often expressed skepticism of settlements in which named plaintiffs do appreciably better than rank-and-file class members. *See Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761-JD, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate."); *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *6 (N.D. Cal. Nov. 10, 2014). But this is not a hard-and-fast rule, and courts in our Circuit may consider additional factors, including the amount of time and effort that plaintiffs have expended in pursuing the litigation, in determining whether a service award is appropriate. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). In light of Ayala's sworn representation about the effort she spent on the case, particularly when the other initial representative reached a private settlement, the Court grants her a $1,500.00 enhancement award. *See* Dkt. No. 86-6 (Ayala Decl.).

//

//

# CONCLUSION

The Court finally approves the class settlement, the requests for attorneys' fees and costs, and the additional payment to the named plaintiff as provided herein. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and this Order. The Clerk is requested to close the case and terminate any pending matters.

**IT IS SO ORDERED.**

Dated: May 22, 2017

JAMES DONATO
United States District Judge